FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2019 JUL 31 AM 11: 40

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MAYOR AND CITY COUNCIL OF
BALTIMORE,
*Plaintiff,*

v.

BP P.L.C., et al.,
*Defendants.*

Civil Action No. ELH-18-2357

## MEMORANDUM

In this Memorandum, I address defendants' motion to stay the Court's Order (ECF 173) remanding this case to the Circuit Court for Baltimore City. *See* ECF 173 ("Remand Order"). Defendants seek the stay pending resolution by the United States Court of Appeals for the Fourth Circuit of their appeal of the Remand Order. Defendants' motion (ECF 183) is supported by a memorandum of law (ECF 183-1) (collectively, "Motion to Stay"). Plaintiff, the Mayor and City Council of Baltimore (the "City"), opposes the Motion to Stay. ECF 186. Defendants have replied. ECF 187.

No hearing is necessary to resolve the Motion to Stay. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Motion to Stay.

### I. Factual and Procedural Background

On July 20, 2018, the City filed suit in the Circuit Court for Baltimore City against twenty-six multinational oil and gas companies. ECF 42 (Complaint). The City alleges that defendants have substantially contributed to greenhouse gas pollution, global warming, and climate change by extracting, producing, promoting, refining, distributing, and selling fossil fuel products (*i.e.*, coal, oil, and natural gas), while simultaneously deceiving consumers and the public about the

dangers associated with those products. *Id.* ¶¶ 1–8. As a result of such conduct, the City claims that it has sustained and will sustain several injuries, including a rise in sea level along Maryland's coast, as well as an increase in storms, floods, heatwaves, drought, extreme precipitation, and other conditions. *Id.* ¶ 8.

The Complaint contains eight causes of action, all founded on Maryland law: public nuisance (Count I); private nuisance (Count II); strict liability for failure to warn (Count III); strict liability for design defect (Count IV); negligent design defect (Count V); negligent failure to warn (Count VI); trespass (Count VII); and violations of the Maryland Consumer Protection Act, Md. Code (2013 Repl. Vol., 2019 Supp.), Com. Law §§ 13–101 to 13–501 (Count VIII). ECF 42 ¶¶ 218–98. The City seeks monetary damages, civil penalties, and equitable relief. *Id.*

Two of the defendants, Chevron Corp. and Chevron U.S.A., Inc. (collectively, "Chevron"), timely removed the case to this Court. ECF 1 (Notice of Removal). They asserted the following eight grounds for removal: (1) the case is removable under 28 U.S.C. § 1441(a) and § 1331, because the City's claims are governed by federal common law, not state common law; (2) the action raises disputed and substantial issues of federal law that must be adjudicated in a federal forum; (3) the City's claims are completely preempted by the Clean Air Act ("CAA"), 42 U.S.C. § 7401 *et seq.*, and/or other federal statutes and the Constitution; (4) this Court has original jurisdiction under the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1349(b); (5) removal is authorized under the federal officer removal statute, 28 U.S.C. § 1442(a)(1); (6) this Court has federal question jurisdiction under 28 U.S.C. § 1331 because the City's claims are based on alleged injuries to and/or conduct on federal enclaves; (7) removal is authorized under 28 U.S.C. § 1452(a) and 28 U.S.C. § 1334(b), because the City's claims are related to federal bankruptcy

cases; and (8) the City's claims fall within the Court's original admiralty jurisdiction under 28 U.S.C. § 1333. ECF 1 at 6–12, ¶¶ 5–12.

Thereafter, the City filed a motion to remand the case to state court, pursuant to 28 U.S.C. § 1447(c). ECF 111. The motion was supported by a memorandum of law (ECF 111-1) (collectively, "Remand Motion"). Defendants filed a joint opposition to the Remand Motion (ECF 124, "Opposition"), along with three supplements containing numerous exhibits. ECF 125; ECF 126; ECF 127. The City replied. ECF 133.

While the City's Remand Motion was pending, defendants filed a conditional motion to stay the execution of any order to remand. ECF 161. They asked that, in the event this Court grants the City's Remand Motion, the Court issue an order staying execution of the remand for thirty days to allow time to appeal the ruling. *Id.* at 1–2. The City initially opposed that motion (ECF 162), but subsequently stipulated to the requested stay. ECF 170. This Court accepted the parties' stipulation by Consent Order of April 22, 2019. ECF 171.

In a Memorandum Opinion (ECF 172) and Order (ECF 173) of June 10, 2019, I granted the City's Remand Motion. After consideration of all eight bases for removal relied on by defendants, I concluded that removal was improper. *See* ECF 172. However, in accordance with the parties' joint stipulation (ECF 170) and the Court's prior Order (ECF 171), I stayed execution of the Remand Order for thirty days. ECF 173.

On June 13, 2019, defendants filed a Notice of Appeal of the Remand Order to the United States Court of Appeals for the Fourth Circuit. ECF 178. Then, on June 23, 2019, defendants filed the Motion to Stay currently pending before this Court. ECF 183. Defendants ask this Court to stay execution of the remand until their appeal is resolved by the Fourth Circuit, arguing that their appeal "presents substantial legal questions on which Defendants are likely to succeed." ECF

183 ¶ 3. In the alternative, they ask the Court to extend the current stay until this Court resolves their Motion to Stay and, should the Court deny the Motion, until the Fourth Circuit resolves the Motion to Stay. *Id.* ¶ 4.

That same day, the City stipulated to a partial extension of the current stay. ECF 184. That is, the City agreed to stay the execution of the remand "through and including this Court's resolution of Defendants' Motion to Extend the Stay Pending Appeal, and if that motion is denied, through the resolution of Defendants' anticipated Motion to Stay in the U.S. Court of Appeals for the Fourth Circuit." ECF 184 at 2. This Court accepted the parties' joint stipulation by Consent Order of June 24, 2019. ECF 185.

However, the City opposes the defendants' Motion to Stay pending resolution of the merits of the appeal of the remand. ECF 186. It argues that defendants are unlikely to succeed on the merits of the appeal, that defendants would not suffer irreparable harm absent a stay, and that a stay would delay resolution of its claims. *Id.* at 4–17.

## II. Discussion

A stay is "'an exercise of judicial discretion' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'" *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginia Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). The party requesting a stay bears the burden of showing that a stay is warranted. *Id.* at 433–34. When evaluating a motion to stay, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay, (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434; *see Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Nero v. Mosby*, No. MJG-16-1288, 2017 WL 1048259, at *1 (D. Md. Mar. 20,

2017); *Realvirt, LLC v. Lee*, 220 F. Supp. 3d 704, 705 (E.D. Va. 2016). The first two factors are the "most critical." *Nken*, 556 U.S. at 434.

The Court begins with the first factor – the defendants' likelihood of success on the merits of their appeal. *Nken*, 556 U.S. at 434. Defendants assert that their appeal presents substantial legal questions, particularly whether removal was proper because the City's claims "necessarily arise under federal common law." ECF 183-1 at 2. They point out that other district courts in similar cases have reached different conclusions on this issue. *Id.* at 2, 5–9. Thus, according to defendants, the first factor supports the issuance of a stay pending resolution of the appeal. *Id.*

The Court agrees that the removal of this case based on the application of federal law presents a complex and unsettled legal question, as evidenced by the diverging opinions reached by other district courts that have considered the issue. *Compare California v. BP P.L.C.*, No. WHA-16-6011, 2018 WL 1064293, at *5 (N.D. Cal. Feb. 27, 2018) (upholding removal of plaintiffs' public nuisance claims against fossil fuel companies because, "though pled as state-law claims, [they] depend on a global complex of geophysical cause and effect involving all nations of the planet" and, thus, "are governed by federal common law"), *appeal docketed sub. nom.*, *City of Oakland v. BP, P.L.C.*, No. 18-16663 (9th Cir. Sept. 4, 2018), *with County of San Mateo v. Chevron Corp.*, 294 F. Supp. 3d 934, 937–39 (N.D. Cal. 2018) (remanding plaintiffs' tort claims against oil companies relating to global warming because removal was not supported by federal common law or any of the other bases relied upon by defendants), *appeal docketed sub. nom.*, *County of Marin v. Chevron Corp.*, No. 18-15503 (9th Cir. Mar. 27, 2018), *and Rhode Island v. Chevron Corp.*, No. WES-18-0395, 2019 WL 3282007, at *2–3 (D.R.I. July 22, 2019) (same). But, of course, this issue does not support a stay pending resolution of defendants' appeal if it is not actually presented on appeal. And, as the City points out, a remand based on a finding of lack

of subject matter jurisdiction—like that issued by this Court—is typically not subject to appellate review. *See* ECF 173.

The scope of appellate review over remand orders is "substantially limited" by 28 U.S.C. § 1447(d). *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 229 (2007). That section provides: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 [federal officer removal] or 1443 [civil rights cases] of this title shall be reviewable by appeal or otherwise." 28 U.S.C. § 1447(d). This statute generally prohibits appellate review of remand orders based on a district court's lack of subject matter jurisdiction. *Powerex*, 551 U.S. at 230; *see In re Norfolk S. Ry. Co.*, 756 F.3d 282, 287 (4th Cir. 2014); *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 585 (4th Cir. 2006) (finding that § 1447(d) prohibited appellate review of remand order because "the reasoning behind the district court's remand order in this case indicate[d] the court's belief that it lacked subject matter jurisdiction upon removal").

The purpose of the prohibition on appellate review of remand orders in § 1447(d) is to avoid "prolonged litigation on threshold nonmerits questions." *Powerex*, 551 U.S. at 237. This rule is strict; it bars review "even if the remand order is manifestly, inarguably erroneous," *In re Norfolk S.*, 756 F.3d at 287, and even if the "erroneous remand[] has undesirable consequences" for federal interests, *Powerex*, 551 U.S. at 237.

Defendants seek to avoid the force of § 1447(d) through reliance on one of their grounds for removal – the federal officer removal statute, 28 U.S.C. § 1442. ECF 183-1 at 4–5. They point out that § 1447(d) expressly exempts cases removed under § 1442 from the general prohibition on

appellate review of remand orders.[1] *Id.*; *see Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, 865 F.3d 181, 186 n.4 (4th Cir. 2017) ("Although orders remanding cases to state court generally are not reviewable on appeal, we may review such an order when, as here, the removal was made pursuant to the federal officer removal statute, 28 U.S.C. § 1442.") (citing 28 U.S.C. § 1447(d)). So, defendants' argument goes, because this ground for removal is subject to appellate review, *all* of their other grounds for removal are also subject to appellate review—including the complex legal question presented by removal of the case based on the application of federal common law. ECF 183-1 at 4–5.

But, case law suggests otherwise. The Fourth Circuit has concluded that, when a case that was removed on several grounds is remanded, appellate jurisdiction of the remand extends only to those bases for removal that are reviewable. *See Lee v. Murraybey*, 487 F. App'x 84, 85 (4th Cir. 2012) ("To the extent that the district court concluded it lacked subject matter jurisdiction under removal provisions other than § 1443 [removal in civil rights cases], we dismiss the appeal."); *Noel v. McCain*, 538 F.2d 633, 635 (4th Cir. 1976) (holding that appellate jurisdiction of a remand extended to the issue of whether removal was proper under § 1443—because § 1447(d) authorized such review—but did not extend to the issue of whether removal was proper based on federal question jurisdiction). The majority of other circuits have reached the same conclusion. *See Jacks v. Meridian Res. Co.*, 701 F.3d 1224, 1229 (8th Cir. 2012) (holding that remand of case was subject to appellate review only to the extent it was based on the federal officer removal statute); *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998 (9th Cir. 2006); *Alabama v. Conley*, 245 F.3d 1292, 1293 n.1

---

[1] There are a few other exceptions to § 1447(d)'s bar on appellate review of remand orders. *See* 14C Charles Alan Wright et al., *Federal Practice & Procedure: Jurisdiction and Related Matters* § 3740 (4th ed. 2018) (outlining the exceptions to the no-appeal rule for remand orders); *see also Powerex*, 551 U.S. at 237; *In re Norfolk S.*, 756 F.3d at 287. Defendants do not identify any other exception that is applicable here, and this Court is aware of none.

(11th Cir. 2001); *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997); *State Farm Mut. Auto. Ins. Co. v. Baasch*, 644 F.2d 94, 96–97 (2d Cir. 1981); *but see Mays v. City of Flint, Mich.*, 871 F.3d 437, 442 (6th Cir. 2017) (holding that § 1447(d) authorized review of district court's decision on the propriety of federal officer removal and this jurisdiction "also encompasses review of the district court's decision on the alternative ground for removal under [federal question jurisdiction]"); *Decatur Hosp. Auth. v. Aetna Health, Inc.*, 854 F.3d 292, 296 (5th Cir. 2017) (same); *Lu Junhong v. Boeing Co.*, 792 F.3d 805, 811 (7th Cir. 2015) (Easterbrook, J.) (". . . once an appeal of a remand 'order' has been authorized by statute, the court of appeals may consider all of the legal issues entailed in the decision to remand").

Accordingly, in this case, only the issue of federal officer removal would be subject to review on defendants' appeal of the remand. Defendants have not demonstrated a substantial likelihood of success on the merits of this issue, or even that removal of this case under the federal officer removal statute raises a complex, serious legal question. They merely recite the same arguments outlined in their Notice of Removal and opposition to the City's Remand Motion. *See* ECF 1 at 34–40; ECF 124 at 56–64; ECF 183-1 at 5–7.

This Court considered defendants' arguments at length and rejected them in its Memorandum Opinion of June 10, 2019. ECF 172 at 34–37. And, courts that have addressed the removal of similar cases under the federal officer removal statute have reached the same conclusion. *See County of San Mateo v. Chevron Corp.*, 294 F. Supp. 3d at 939 ("Nor was there a reasonable basis for federal officer removal, because the defendants have not shown a 'causal nexus' between the work performed under federal direction and the plaintiffs' claims, which are based on a wider range of conduct.") (citations omitted); *Rhode Island v. Chevron Corp.*, 2019 WL 3282007, at *5 (finding federal officer removal statute did not support removal of plaintiff's

suit against fossil fuel producers because "[d]efendants cannot show the alleged promotion and sale of fossil fuels abetted by a sophisticated misinformation campaign were 'justified by [their] federal duty'") (quoting *Mesa v. California*, 489 U.S. 121, 131–32 (1989)). That this issue may be subject to appellate review, therefore, does not support the issuance of a stay pending appeal.

In any event, defendants have not demonstrated that any of the remaining three factors support a stay pending resolution of their appeal of the Remand Order. Thus, even if the Remand Order *is* subject to appellate review in its entirety, I am satisfied that such a stay is not warranted.

The second factor courts consider in evaluating a motion to stay is whether the applicant will be irreparably injured absent a stay. *Nken*, 556 U.S. at 434. Defendants argue that this factor supports a stay pending appeal because an immediate remand would render their appeal meaningless and would undermine the right to a federal forum provided by the federal officer removal statute. ECF 183-1 at 12–14. They assert that federal courts are "uniquely qualified" to address the issues raised in this case and, further, that proceeding with litigation in state court would cost them significant time and money. *Id.* at 13.

Defendants' arguments are unavailing. Absent a stay, their appeal would only be rendered moot in the unlikely event that a final judgment is reached in state court before the resolution of their appeal.[2] This speculative harm does not constitute an irreparable injury. *See Rose v. Logan*, No. RDB-13-3592, 2014 WL 3616380, at *3 (D. Md. July 21, 2014) ("An appeal being rendered moot does not itself constitute irreparable injury."); *see also Nken*, 556 U.S. at 434–35 ("[S]imply

---

[2] The Court notes that defendants acknowledge—and, in fact, elsewhere rely on—the likelihood of a prompt resolution on appeal. Specifically, in support of their argument that a stay would not harm the City, defendants assert that state court proceedings "will be delayed only briefly" because, "pursuant to the Fourth Circuit's Briefing Order, the appeal will be fully briefed no later than September of this year." ECF 183-1 at 15. Given defendants' own expectation of a speedy appellate process, and particularly in a case of this size, their professed concern of a final judgment being reached in state court before resolution of their appeal seems disingenuous.

showing some possibility of irreparable injury fails to satisfy the second factor.") (citation and internal quotation marks omitted); *Brea Union Plaza I, LLC v. Toys R Us, Inc.*, No. MHL-18-0419, 2018 WL 3543056, at *5 (E.D. Va. July 23, 2018) (finding this factor did not support a stay because the purported harm was "entirely speculative").

Nor have defendants shown that the cost of proceeding with litigation in state court would cause them to suffer irreparable injury. *See Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974) ("Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury."); *Long v. Robinson*, 432 F.2d 977, 980 (4th Cir. 1970) ("[M]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough.") (citation omitted); *Broadway Grill, Inc. v. Visa Inc.*, No. PJH-16-4040, 2016 WL 6069234, at *2 (N.D. Cal. Oct. 17, 2016) (finding no irreparable harm because the injury of having to litigate in state and federal court is "a not-uncommon result given the limited jurisdiction of federal courts"). And, I disagree with defendants' assertion that federal courts are "uniquely qualified" to address the issues presented by this case; our state courts are well equipped to handle complex cases.[3]

The last two factors call for "assessing the harm to the opposing party and weighing the public interest." *Nken*, 556 U.S. at 435. Where, as here, a government body is the party opposing the stay, "[t]hese factors merge." *Id.* According to defendants, these considerations support the issuance of a stay because it would avoid costly, potentially wasteful litigation in state court. ECF 183-1 at 14. They also argue that a stay would delay proceedings in state court "only briefly" and, thus, would not prejudice the City. *Id.* at 15.

---

[3] The Court notes that many federal judges have previously served as state court judges.

I disagree. This case is in its earliest stages and a stay pending appeal would further delay litigation on the merits of the City's claims. This favors denial of a stay, particularly given the seriousness of the City's allegations and the amount of damages at stake. Further, even if the remand is vacated on appeal, the interim proceedings in state court may well advance the resolution of the case in federal court. After all, the parties will have to proceed with the filing of responsive pleadings or preliminary motions, regardless of the forum.

To be sure, defendants may seek, and the state court may issue, a stay pending the Fourth Circuit's resolution of the appeal of the remand. However, defendants have not met their burden of demonstrating that *this* Court should issue a stay pending appeal. Accordingly, I shall deny the defendants' Motion to Stay.

### III. Conclusion

For the reasons stated above, I shall deny the defendants' Motion to Stay the case until such time as the Fourth Circuit resolves the merits of defendants' appeal of the Remand Order. However, in accordance with the parties' joint stipulation (ECF 184) and the Court's Order approving the stipulation (ECF 185), I will extend the stay of the Remand Order pending resolution of defendants' anticipated appeal of this Order to the Fourth Circuit.

An Order follows.

Date: July 31, 2019.   /s/
Ellen Lipton Hollander
United States District Judge